**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW ISABELLA** and **MARY ISABELLA**,

                **Plaintiffs,**          **1:09-cv-123**
                                                          **(GLS\DRH)**

       **v.**

**DORIS HALLOCK** and **PETER HALLOCK**,

                **Defendants/Third-Party Plaintiffs,**

       **v.**

**MICHAEL W. KOUBEK,**

                **Third-Party Defendant.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Gaccione, Pomaco Law Firm    ANTHONY F. MALANGA, JR., ESQ.
524 Union Avenue
Box 96
Belleville, NJ 07109

**FOR THE DEFENDANTS:**
Ahmuty, Demers Law Firm      CARMINE J. CAROLEI, ESQ.
1531 Route 82
Hopewell Junction, NY 12533

**FOR THE THIRD-PARTY DEFENDANT:**
Lemery, Greisler Law Firm       MARGARET C. LYNCH, ESQ.
50 Beaver Street

2nd Floor

Albany, NY 12207

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

This action involves injuries caused by a two-car automobile accident. Pending is third-party defendant Michael Koubek's motion for summary judgment. (*See* Dkt. No. 16.) For the reasons that follow, the motion is granted in part and denied in part.

## II. Background

On November 27, 2007, Matthew Isabella was a passenger in a vehicle driven by co-employee Roberta Oldenborg and owned by Michael Koubek. Oldenborg collided with a vehicle driven by Doris Hallock and owned by Peter Hallock. On February 2, 2009, Isabella commenced this action against the Hallocks for injuries suffered as a result of the accident. On June 8, 2009, the Hallocks filed a third-party complaint for contribution and/or indemnification against Michael Koubek.

## III. Standard of Review

2

The standard for the grant of summary judgment is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y. 2007).

## IV.  Discussion

As a preliminary matter, the parties agree that Roberta Oldenborg is immune from suit as a co-employee of Matthew Isabella, and that there is no basis to hold Koubek liable for any independent acts of negligence. Accordingly, Koubek's motion for summary judgment with respect to these issues is granted.

The remaining issue is whether, in light of § 29 of the Workers' Compensation Law and § 388 of the New York Vehicle and Traffic Law, the Hallocks are barred from suing Koubek for contribution and/or indemnication for injuries caused by Oldenborg. Section 29 of New York Workers' Compensation Law clearly precludes suit by an injured party against a fellow employee. *See* N.Y. WORKERS' COMP. LAW § 29(6). Further, New York Vehicle and Traffic Law § 388 provides that every vehicle owner is responsible for injuries resulting from the negligent use of the vehicle by one operating it with permission. *See* N.Y. VEH. & TRAF. LAW

3

§ 388(1).  In *Clamp v. Estate of Hales*, 10 Misc. 3d 988 (N.Y. Sup. Ct. 2005), a case factually similar this case, the court found that there was "no evidence that the Workers' Compensation Law was intended to apply to actions between parties who are not related in any way by employment." *Id.* at 992.  Moreover, the court noted the "well-established principle that a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against the party, either because of a procedural bar or because of a substantive legal rule." *Id.* at 991 (citation and internal quotation marks omitted).

Here, Koubek argues that the Workers' Compensaiton Law bars the Hallocks from suing him for contribution and/or indemnification.  The Hallocks contend that based on *Clamp*, since they are not related to Koubek by employment, Workers' Compensation Law § 29 is inapplicable.  Koubek responds that C*lamp* was erroneously decided.

The court concurs with the holding in *Clamp* and therefore concludes that the Hallocks may pursue a suit against Koubek.  The purpose of the Workers' Compensation Law will not be frustrated by allowing this suit to proceed since the parties are unrelated by employment.  Thus, Koubek may be held liable for indemnification and/or contribution to the Hallocks

4

pursuant to Vehicle and Traffic Law § 388.  Accordingly, Koubek's motion for summary judgment on this basis is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Koubek's motion for summary judgment (Dkt. No.16) is **GRANTED** insofar as the parties agree that Roberta Oldenborg is immune from suit and there is no independent basis to find Koubek negligent; and it is further

**ORDERED** that Koubek's motion for summary judgment (Dkt. No.16) is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 16, 2011
Albany, New York

_____
United States District Court Judge

5