**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW ISABELLA and**
**MARY ISABELLA,** *his wife*,

       Plaintiffs,                     1:09-cv-123
                                               (GLS/DRH)

       v.

**DORIS A. HALLOCK and**
**PETER T. HALLOCK,**

       Defendants/
       Third-party Plaintiffs,

       v.

**MICHAEL W. KOUBEK,**

       Third-party Defendant.
_____

## SUMMARY ORDER

On May 17, 2012, defendants/third-party plaintiffs Doris and Peter Hallock filed a motion in limine with respect to the choice of law at trial. (*See* Dkt. No. 46.) Specifically, the Hallocks argue that New York law should be applied to their claim against third-party defendant Michael Koubek. (*See id.* at 2-5.) In response, Koubek contends that special circumstances warrant the application of New Jersey law. (*See* Dkt. No. 61 at 2-4.) Both parties, however, agree that *Neumeier v. Kuehner*, 31

N.Y.2d 121, 128 (1972), provides the controlling legal framework. (*See id.* at 1; Dkt. No. 46 at 3.)

Despite the fact that the court previously rejected Koubek's argument for New Jersey law in an Order dated October 28, 2011, several factors weigh in favor of applying New York law in this case, including the fact that the automobile accident occurred in New York; and New York, unlike New Jersey, permits its residents, the Hallocks, to seek recovery from Koubek. *See* N.Y. Veh. & Traf. Law § 388 (McKinney 2005). Indeed, the court remains convinced that New York has the greatest interest in this case, *see, e.g.*, *Neumeier*, 31 N.Y.2d at 128. As such, the Hallocks' motion in limine is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** the Hallocks' motion in limine (Dkt. No. 46) is **GRANTED** and New York law shall be applied to this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

May 31, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

2